IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY ELMORE,

    Plaintiff,

vs.

GRINNELL MUTUAL REINSURANCE
COMPANY and HOWARD MILLER,

    Defendants.

Case No. 14-cv-00282-SMY-DGW

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Grinnell Mutual Reinsurance Company's ("Grinnell") Motion for Summary Judgment (Doc. 23). For the following reasons, the motion is **GRANTED**.

### Facts

While driving a 1994 Jeep Wrangler on his way to pick up a grain wagon to be utilized in connection with his farming operations, Plaintiff was involved in a motor vehicle collision with defendant Howard Miller on December 1, 2011 (Doc. 2-1, p 5). Plaintiff notified his insurer, Grinnell, of the accident and requested coverage on the day of the accident (Doc. 26, p 3). Thirteen days later, Grinnell notified Plaintiff that it was denying coverage for the accident. *Id*. On August 6, 2012, Miller filed suit against Plaintiff in Effingham County, Illinois. Grinnell refused to provide a defense to Plaintiff in the lawsuit under a Reservation of Rights. *Id*. On January 22, 2014, Plaintiff filed the instant declaratory judgment action seeking a declaration that Grinnell has a duty to defend and indemnify Plaintiff in the underlying litigation. Plaintiff's "Farm-Guard Policy: Farm and Personal Liability Protection" policy with Grinnell contains the following relevant exclusions to coverage:

> "We" do not cover any "Motor Vehicle Liability" unless at the time of the "occurrence" the involved "motor vehicle" is . . . (c) Exempt from required registration for use on public roads or property by law or regulation issued by a government agency.
> . . .
> This exclusion does not apply to "bodily injury" or "property damage" arising out of the use of a "farm implement" for loading or unloading of a "motor vehicle" in the course of the "insured's" "farming" operations.

(Doc. 2-1, p. 16).

Grinnell denied coverage stating the following reason: "Due to the fact that you were operating a motor vehicle that is licensed for the road, unfortunately there is no coverage" (Doc. 2-1, p. 4). Plaintiff alleges that because the Jeep is a "farm implement" and he was in the process of loading the trailer, the motor vehicle exclusion does not apply. Plaintiff further alleges that Grinnell is estopped from raising policy defenses to defeat coverage because Grinnell failed and refused to file a declaratory judgment action to determine whether coverage exists under the policy. Grinnell has now filed its Motion for Summary Judgment arguing the plain language of the policy excludes coverage because the Jeep is a "motor vehicle" and not a "farm implement."

**Analysis**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving

party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In Illinois, an insurer may not refuse to defend "unless it is *clear* from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Emp'r. Ins. of Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1135 (Ill. 1999) (quoting *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.,* 578 N.E.2d 926, 930 (Ill 1991)). When the underlying complaint alleges facts within or potentially within policy coverage, the insurer is obligated to defend even if the allegations are groundless. *Emp'r. Ins. of Wausau*, 708 N.E.2d at 1135.

The duty to defend requires an insurer to (1) defend the suit under a reservation of rights or (2) seek a declaratory judgment that there is no coverage. *Id.* If an insurer fails to do either and later is found to have wrongfully denied coverage, the insurer is estopped from raising policy defenses to coverage. *Id.* However, the estoppel doctrine only applies where the insurer breached its duty to defend, which means the court must first inquire whether a duty existed. *Id*.

When determining whether an insurance provider has a duty to defend, a court should apply an "eight corners rule." *Farmers Auto. Ins. Ass'n v. Country Mut. Ins. Co.*, 722 N.E.2d 1228, 1232 (Ill. 2000). The four corners of the underlying complaint are compared with the four corners of the insurance contract, and the court must determine whether the facts alleged in the underlying complaint fall within, or potentially within, the insurance policy's coverage. *Id.* "The underlying complaint and the policy must be construed in favor of the insured, with all doubts resolved in the insured's favor." *Emp'r. Ins. Of Wausau*, 708 N.E.2d at 1135.

The rule of construction that policy terms are liberally construed in favor of coverage only comes into play when the policy is ambiguous. *Hobbs v. Hartford Ins.*, 823 N.E.2d 561,564

3

(Ill 2005). Whether an ambiguity exists depends on whether the policy language is subject to more than one reasonable interpretation. *Id.* When a policy includes a section with definitions, a court should enforce the definitions as stated in the policy. *Farmers Auto. Ins. Ass'n*, 722 N.E.2d at 1232. Notwithstanding Plaintiff's argument to the contrary, the Court finds the policy language at issue clear and unambiguous.

Plaintiff argues his 1994 Jeep is a "farm implement" and thus the motor vehicle exclusion does not apply. The policy defines a "farm implement" under section 10 as:

> a. A vehicle: (1) Designed or modified primarily for agricultural operations; (2) Designed primarily for use off the public roads; and (3) Which is exempt from "motor vehicle" or trailer registration under applicable state laws or regulations
> b. An all material transport vehicle (AMT) meeting the requirements of a. (1)(2), and (3) above, and which has a rear utility box to transport material, four or more wheels, a steering wheel, and bench or bucket seating; or
> c. A "recreational vehicle" "when being used in a "farming" activity at the time of the "occurrence" (Doc 2-1, p. 16).

Plaintiff relies on subsection c. for his argument that his Jeep is a "farm implement." Grinnell, however, disputes that the Jeep is a "recreational vehicle."

Even if Plaintiff's Jeep could be considered a "recreational vehicle", the exclusion would still apply because Plaintiff's Jeep does not fall within the definition of "farm implement" as Plaintiff was not engaged in a "farming" activity at the time of the accident. The policy defines "farming" as follows:

> [t]he ownership, maintenance or use of any "insured premises" for production of crops or the raising or care of "livestock" or "poultry". Farming also includes operation of roadside stands maintained solely for the sale of any "insureds" raw or unprocessed farm products (Doc 2-1, p. 15).

The policy defines an "insured premises" as:

> a. The farm premises which "you" own, rent, lease, or control as party of "your" farming operation and other locations "you" maintain as a "residence premises". The "insured premises" does not include location in "your" control for the purpose of performing "custom farming" operations;

4

> b. Any other premises acquired by "you" in the policy period which "you intend to use as a "residence premises";
> c. Any party of premises which are not owned by an "insured" but where the "insured" may be temporarily residing or which an "insured" may occasionally rent for non-business purposes;
> d. Vacant land, other than farmland, owned by or rented to an "insured";
> e. Cemetary plots or burial vaults owned by an "insured";
> f. Any structures or grounds used by "you" in connection with "your "residence premises"; or
> g. Land on which a one- to four-family residence is being built for "you", if the land is owned by or rented to "you" (Doc. 2-1, p. 16).

Plaintiff, without further elaboration, asserts "[i]t is clear [Plaintiff] was performing a 'farming activity' at the time of the collision" and "[i]t appears Grinnell concedes this issue" (Doc. 26, p. 5). However, it is not clear that Plaintiff was performing a farming activity and Grinnell clearly contests this issue. *See* Doc. 23, p. 11 ("There is no evidence in the record that Plaintiff was involved in 'farming' activities involving the ownership, maintenance of use of 'insured premises' as neither the 1994 Jeep Wrangler, or the grain wagon which Plaintiff testified he was going to pick up qualify as 'insured premises' under the definition.").

There is no evidence in the record that Plaintiff was maintaining or using an "insured premises" at the time of the accident. The public road on which the accident occurred does not satisfy any of the policy's definitions for "insured premises." As such, Plaintiff's Jeep does not fall under the policy's "farm implement" definition. Thus, based on the "eight-corners" rule, Grinnell has not breached its duty to defend and indemnify because such a duty did not exist. Therefore, Grinnell is not estopped from raising policy defenses.

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

**DATED:** July 27, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
